UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>REAL PROPERTY KNOWN AS 12722<br>BLUFF CREEK ROAD, ZENIA,<br>CALIFORNIA 95595,<br><br>    Defendant. | Case No. |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW Plaintiff the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney for said district, and for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought by the United States, pursuant to 21 U.S.C. § 881, seeking forfeiture of all right, title, and interest in the above-captioned defendant property, which is real property traceable to proceeds of drug trafficking in violation of 21 U.S.C. §§ 841 and 846, or is property used, or intended to be used, to commit or facilitate the commission of such violations.

2. The defendant property is the real property known as 12722 Bluff Creek Road, Zenia, California 95595, together with all appurtenance, improvements, and attachments thereon, bearing a legal description as Parcel No. 2 as shown on the Parcel Map for D.E. Bushnell, in

Section 36, Township 3 South, Range 6 East, H.B. & M, filed for record in the office of the County Recorder of Trinity County, California on August 3, 1982 in book 14 of Maps and Surveys pages 182-184. Together with the easement for ingress, egress, and public-private utilities as reserved in the deed to Doug McArter, et al, recorded July 7, 1983 in book 257 of Official Records page 23.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because this is a civil action arising under the laws of the United States, because it is a proceeding of forfeiture, and because it has been brought by the United States.

4. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §§ 1345 and 1355 because this is a proceeding for forfeiture, and because it has been brought by the United States.

5. Venue is placed in the Eastern District of Missouri pursuant to 28 U.S.C. § 1355 because an act giving rise to the forfeiture occurred in the Eastern District of Missouri.

### BASIS FOR FORFEITURE

6. The defendant real property is criminally derived property acquired in whole or in part through proceeds traceable to an exchange for controlled substances, in violation of 21 U.S.C. §§ 841 and 846.

7. The defendant property was also used, or intended to be used, to commit or facilitate the distribution of controlled substances, in violation of 21 U.S.C. §§ 841 and 846.

8. The defendant property is therefore subject to forfeiture under 21 U.S.C. § 881.

### FACTS

*Background Investigation: Drug Trafficking*

9. For at least the past four years, David Brecker has been involved in a loosely knit marijuana trafficking organization that obtains marijuana in California and distributes it in the St. Louis area.

10. Between early 2013 and September 2013, Brecker's organization transported approximately 4,050 to 5,400 pounds of marijuana worth $12,150,000 to $16,200,000 from California to the St. Louis area and distributed it. Between early 2013 and September 2013, Brecker obtained between $1.6 million and $2 million in cash drug proceeds in St. Louis, and transported the cash to California.

11. On September 5, 2012, federal and state law enforcement officers made a controlled delivery of a package of marijuana that was being mailed to Brecker's Ellisville, Missouri, residence. After he accepted the package, Brecker was approached by law enforcement officers and he gave consent for a search of his residence.

12. In the subsequent search, law enforcement officers seized a total of $45,420 in cash located in a safe and five loaded and operable firearms. Brecker admitted he had "coordinated" the movement of $4 million worth of marijuana from California to St. Louis in the preceding eighteen months (an approximate start date in March 2011).

13. A subsequent review of records obtained by the United States Postal Inspection Service show that during the timeframe between October, 2010 and September 4, 2012, Brecker had five additional packages shipped from California to the St. Louis area. Several law enforcement sources stated Brecker's organization sold marijuana for at least $3,000 per pound. The packages shipped from California to St. Louis contained a suspected amount of

3

approximately 128.7 pounds of marijuana. Therefore, the suspected marijuana in the five packages was worth approximately $386,000.

14. In late March 2013, Brecker and his wife relocated to California. Since then, Brecker has lived in a rented home at 352 Summit Avenue, San Rafael, California.

*The Purchase of 12722 Bluff Creek Road with Proceeds of Drug Trafficking*

15. In July 2013, Brecker bought the target property at 12722 Bluff Creek Road, Zenia, California 95595. His wife filed an inter-spousal transfer deed giving her interest in the property to Brecker.

16. The target property consists of a single family residence on approximately 69 acres of land. Trinity County, California, where the target property is located, is approximately 233 miles north of San Francisco, has 3,207 square miles and a population of 13,786. The Trinity National Forest occupies a substantial portion of the county. Numerous media articles identify Humboldt County, Mendocino County and Trinity County as the Emerald Triangle due to the prevalence of the cultivation of marijuana there.

17. Brecker made a $32,000 down payment on the defendant property with cashier's checks which identified the remitter as Shelly Baker.

18. Investigation has revealed that Shelly Baker is a co-conspirator in Brecker's trafficking organization. Brecker also uses Baker to conceal his involvement in certain financial transactions.

19. In June 2013, Baker claimed on the lease application for a Chesterfield, Missouri, apartment that she was earning $147,000 a year for the Midwest Institute for Addiction, a drug and alcohol rehabilitation clinic in Creve Coeur, Missouri. In September 2013, federal and local

law enforcement officers found the apartment that Baker leased was being used as a marijuana stash house.

20. In August 2013, Brecker submitted a car loan application, in which he also claimed to be the president of the Midwest Institute for Addiction, and was earning $240,000 a year. The FBI investigation has not found any evidence that either Brecker or Baker works for the clinic

21. The cashier's check used to pay the security deposit on Brecker's San Rafael home at 352 Summit Avenue identified the remitter as Shelly Baker. Between August 31, 2013 and February 3, 2014, Brecker's Chase credit card account was accessed via the internet eight times from a Comcast IP address that is subscribed to by Shelly Baker, 352 Summit Avenue, San Rafael, California 94901. The Comcast monthly billing statements for the internet service are mailed to Baker at 352 Summit Avenue. However, there is no evidence to suggest that Baker actually lives at 352 Summit Avenue.

22. Subpoenaed records show Baker purchased the cashier's checks used to make the down payment on the defendant property with cash. Investigation has also revealed that Baker has no known legitimate source of income. Based on the above facts, there is reason to believe that Brecker provided the cash to Baker to purchase the cashier's checks for the property, and purposely used the checks identifying Baker as the remitter in an attempt to conceal his involvement.

23. Investigation has also revealed that Brecker does not have a legitimate source of income that would enable him to use $32,000 in cash to purchase the cashier's checks. Therefore, there is reason to believe Brecker obtained the cash he provided to Baker for the cashier's checks from the sale of marijuana in the St. Louis area.

*Improvements Made to 12722 Bluff Creek Road with Drug Proceeds*

24. Between July 22, 2013 and November 5, 2013, Brecker charged a total of $9,754.76 on his Chase credit card account at Dazey's in Redway, California 95560, which is approximately 30 miles from the target property. The largest single purchase was $2,067.98. The website for Dazey's states the business is "Humboldt County's Largest Commercial Grow Supply Store." The website features a large number of items that are necessary or useful for the cultivation of marijuana, including fertilizers, plant food, hydroponic pots, water pumps and pipes, fans, filters, cultivation tools, grow lights and grow light accessories.

25. Between August and November 2013, Brecker's Chase Bank (Chase) credit card was used to purchase more than $36,167 worth of materials from Home Depot and other building supply companies located in northern California. Aerial photographs taken of the target property by the FBI on February 4, 2014 show a six foot high wooden privacy fence has been built around the side of the property that faces Bluff Creek Road. The privacy fence required far more work and expense than a fence intended to serve as a property marker. Large additions have been built on the front and back of the existing outbuilding. Each of the additions is substantially larger than the original outbuilding. The materials purchased from the Home Depot stores are materials one would use to construct the additions to the existing outbuilding.

26. Between March 8, 2013 and January 23, 2014, Brecker used $219,076 in cash to make payments on his Chase credit card account, which he used to buy the materials used to build the indoor grow operation, including the additions to the outbuilding. Brecker's lack of legitimate income and the evidence that he received a large amount of cash drug proceeds in St.

Louis during the time he made the cash payments on his credit card account suggest the funds used to make those credit card payments was from the sale of marijuana in the St. Louis area.

*The Defendant Property's Use or Intended Use to Facilitate Drug Trafficking*

27. A series of large trenches has been dug on the property, which are believed to be for burying water and electric lines run to the expanded outbuilding. The only piece of equipment visible on the property is a small tractor with a scoop bucket on the front. There are no farm implements visible in the aerial photographs. There has been no land cleared or ground plowed that would indicate Brecker planned to plant food or grain crops. Also on the target property is a large mobile electric generator that can provide 400 amps of power, which is twice what a residence the size of the one on the property would use.

28. Based on the construction of the privacy fence and the large additions to the outbuilding, the digging of the trenches, the presence of the large mobile generator and the absence of any evidence that legal products are being grown or will be grown on the property, there is reason to believe Brecker is using the target property to grow marijuana.

29. On March 25, 2014, law enforcement officers conducted an interview with Brecker at his residence located at 352 Summit Avenue. During the interview, Brecker stated to law enforcement officers that he had purchased the Defendant Property, and that he had grown marijuana on the property in the last year.

30. During the investigation, the FBI conducted an extensive review of Brecker's financial records, including records from rental car companies, hotels, restaurants and airlines. The FBI also interviewed a number of confidential sources and other persons with whom Brecker has been involved in drug trafficking. The only locations these records and sources

show Brecker traveled with regularity during the past two years has been northern California and the St. Louis area. The only locations the sources say Brecker sells marijuana is the St. Louis area. When Brecker was interviewed by law enforcement agents in September 2012, the only location he admitted he distributed marijuana was St. Louis.

31. Based on the information provided by law enforcement sources, the review of records, and Brecker's own statements to law enforcement, there is reason to believe the marijuana being grown on the target property has been distributed in the St. Louis area, or is intended for distribution in the St. Louis area.

### PRAYER FOR RELIEF

By reason of these premises, the defendant real property is subject to forfeiture pursuant to the provisions of 21 U.S.C § 881.

WHEREFORE the United States prays that this Court decree that all right, title, and interest in the defendant property be condemned and forfeited to the United States of America, and for such other and further relief as the Court deems just and proper.

Dated: March 25, 2014  Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Stephen Casey*
STEPHEN CASEY, #58879MO
Assistant United States Attorneys
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone: (314) 539-2200

## **VERIFICATION**

I, David Rapp, hereby verify and declare under penalty of perjury that I am a Special Agent with the Federal Bureau of Investigation, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Federal Bureau of Investigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __3/25/2014__
                    (date)

_____
David Rapp
Special Agent
Federal Bureau of Investigation